NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TODD C. FORD, Jr., | : |
| | : Civ. No. 20-6961 (RMB) |
| Petitioner | : |
| | : |
| v. | : **OPINION** |
| | : |
| WARDEN ROBERT SMITH, | : |
| | : |
| Respondent | : |

BUMB, District Judge

On June 8, 2020, Petitioner Todd Ford, Jr., a pretrial detainee confined in the Cumberland County Correctional Facility ("CCCF') in Bridgeton, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging police misconduct, prosecutorial misconduct, and judicial bias in his ongoing criminal proceedings in New Jersey state court. (Pet., ECF No. 1.) The Court administratively terminated the petition for failure to pay the filing fee or submit an application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a) ("*in forma pauperis*" or "IFP".) This matter is now before the Court upon Petitioner's submission of an IFP application (Dkt. No. 5) and an amended habeas petition (Dkt. No. 6.) For relief, Petitioner seeks immediate release, suppression of evidence, and dismissal of two Indictments. (Id., ¶15.)

Petitioner's IFP application establishes his financial

eligibility to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). The amended petition is ripe for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …." The Court will dismiss the amended petition without prejudice because Petitioner's claims are unexhausted.

I.   THE AMENDED PETITION

Petitioner alleges that he acted as a confidential informant, and the state trooper from the Metro Unit with whom he made a deal reneged, resulting in two Indictments against Petitioner. (Am. Pet., Dkt. No. 6 at 7-8.) Judge D'Arrigo is presiding over Petitioner's criminal cases. (Id.) Petitioner alleges Judge D'Arrigo has presided over his past trials and has admitted he does not like Petitioner. (Id.) Thus, Petitioner alleges police misconduct, prosecutorial misconduct, and judicial bias.

II.  DISCUSSION

Under limited circumstances, federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus to a pretrial detainee in state custody. Moore v. De Young, 515 F.2d 437, 441- 42 (3d Cir. 1975). Jurisdiction without exhaustion of state court remedies should not be exercised at the pre-trial stage

2

unless extraordinary circumstances are present. Moore, 515 F.2d at 443. "[J]urisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting Moore, 515 F.2d at 445–46).

There is nothing extraordinary about the defenses Petitioner wishes to raise, which include malicious prosecution, unreasonable search and seizure, and judicial bias. See e.g. Reese v. Warden Philadelphia FDC, 904 F.3d 244, 247 (3d Cir. 2018) ("insofar as [the Petitioner] sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition"); see Moore, 515 F.2d at 445 ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.") Petitioner must first present his defenses in state court and may seek habeas relief, if necessary, after he has exhausted his state remedies.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the amended habeas petition without prejudice.

An appropriate Order follows.

**Dated: December 8, 2020**

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**